BILL LOCKYER Attorney General ANTHONY S. DA VIGO Deputy Attorney General
THE HONORABLE GROVER TRASK, DISTRICT ATTORNEY, COUNTY OF RIVERSIDE, has requested an opinion on the following question:
Where a city council of a city with less than 200,000 in population has declared itself to be the city's redevelopment agency and the city's housing authority and conducts a unified meeting as a city council, redevelopment agency, and housing authority, may the council members receive the remuneration provided by law for members of a redevelopment agency and for commissioners of a housing authority if no business within the jurisdiction of the redevelopment agency or housing authority is conducted during the unified meeting?
 CONCLUSION
Where a city council of a city with less than 200,000 in population has declared itself to be the city's redevelopment agency and the city's housing authority and conducts a unified meeting as a city council, redevelopment agency, and housing authority, the council members may not receive the remuneration provided by law for members of a redevelopment agency or for commissioners of a housing authority if no business within the jurisdiction of the redevelopment agency or housing authority is conducted during the unified meeting.
 ANALYSIS
The question presented for analysis concerns a single, unified meeting of a city council of a city with less than 200,000 in population that has declared itself to be the city's redevelopment agency and the city's housing authority. Specifically, do the statutory provisions governing remuneration for redevelopment agency members and housing authority commissioners apply under the particular circumstances herein described? We conclude that they do not.
The Legislature has enacted a comprehensive statutory scheme, the Community Redevelopment Law (Health Saf. Code, §§33000-33855),[1] to address the problem of "blighted areas which constitute physical and economic liabilities, requiring redevelopment in the interest of the health, safety, and general welfare of the people . . ." (§33030, subd. (a)). There is in each city and county a community redevelopment agency that is activated by an ordinance of the legislative body of the city or county declaring a need for such an agency to function within it. (§§ 33002,33100, 33101.) Members of a city's redevelopment agency may be appointed by the mayor with the approval of the city council. (§ 33110.) As an alternative, subdivision (a) of section 33200
provides in part:
 "As an alternative to the appointment of five members of the agency, the legislative body may, at the time of the adoption of an ordinance pursuant to Section 33101 or 33140 of this part, or at any time thereafter by adoption of an ordinance, declare itself to be the agency; in which case, all rights, powers, duties, privileges and immunities, vested by this part in an agency, except as otherwise provided in this article, shall be vested in the legislative body of the community. If a member of a legislative body of a city or county does not wish to serve on the agency, the members may so notify the legislative body of the city or county, and the legislative body of the city or county shall appoint a replacement who is an elector of the city or county to serve out the term of the replaced member."
Section 33114 generally provides for the remuneration of redevelopment agency members as follows:
 "Members shall receive their actual and necessary expenses, including traveling expenses incurred in the discharge of their duties. They may receive such other compensation as the legislative body prescribes."
For a city having a population of less than 200,000, section33114.5 states:
 "Notwithstanding any other provision of law, whenever the legislative body of a city having a population of less than 200,000 or the legislative body of a county declares itself to be the agency pursuant to Section 33200, the compensation provided for in Section 33114 shall not exceed thirty dollars ($30) per member for each meeting of the agency attended by the member. No member shall receive compensation for attending more than four meetings of the agency during any calendar month. In addition, members shall receive their actual and necessary expenses incurred in the discharge of their duties."
Hence, under the terms of section 33114.5, city council members of a city with a population of less than 200,000 who are redevelopment agency members are entitled to a maximum of $120 each month plus necessary expenses for their work as redevelopment agency members.
The Legislature has enacted a separate statutory scheme, the Housing Authorities Law (§§ 34200-34402), to provide for "the clearance, replanning, and reconstruction of the areas in which insanitary or unsafe housing conditions exist . . ." (§ 34201, subd. (c)). There is in each city and county a housing authority that is activated by resolution of the governing body of the city or county declaring a need for such an authority to function within it. (§ 34240.) The mayor or city council may appoint the commissioners of a city's housing authority. (§ 34270.) In the alternative, subdivision (a) of section 34290 provides:
 "As an alternative to the appointment of commissioners of the authority, the governing body of any county or city, at the time of the adoption of a resolution pursuant to Section 34240 or at any time thereafter, may declare itself to be the commissioners of the authority, in which case, all the rights, powers, duties, privileges and immunities, vested by this chapter in the commissioners of an authority, except as otherwise provided in this article, shall be vested in the governing body."
Section 34274 provides for the remuneration of housing authority commissioners as follows:
 "A commissioner . . . may receive per diem payment for attendance at not more than four meetings per month of the authority, which shall not exceed fifty dollars ($50) per day, and shall receive necessary traveling and subsistence expenses incurred in the discharge of his duties."
Accordingly, under the terms of section 34274, city council members who are housing authority commissioners are entitled to a maximum of $200 each month plus necessary expenses for their work as housing authority commissioners.
Although sections 33114.5 and34274 appear to govern the circumstances presented, we may not view these statutes in isolation. In particular, we must also consider the statutes governing the compensation of city council members found in the Government Code. A city council may by ordinance determine the salary of its members according to a schedule prescribed by the Legislature. (Gov. Code, § 36516.) In 1964, we were asked whether a city council that had declared itself to be the governing board of the city's redevelopment agency could be given additional compensation for performing its redevelopment agency duties. (44 Ops.Cal.Atty.Gen. 170 (1964).) We concluded that the council members could not act pursuant to section 33114 in a manner that would increase their salaries as members of the city council. At that time, the statute governing the compensation of city council members, former section 36514, provided as follows:
 "Except as provided in this section, city councilmen shall not receive any compensation other than reimbursement for actual and necessary expenses incurred in the performance of official duty. At any general election, the question of whether city councilmen shall receive compensation for services, and the amount of such compensation, may be submitted to the electors. If a majority of the electors voting at the election favors it, all of the councilmen shall receive the compensation specified in the election call. . . ." (Italics added.)
No such express prohibition appears in the current applicable statutory provisions, and thus we find that our earlier opinion is no longer controlling.
Significantly, while the city council members in question have declared themselves to be the city's redevelopment agency and housing authority, the three entities must be considered distinct and separate public agencies holding three separate meetings at the same time. In Pacific States Enterprises, Inc. v. City of Coachella (1993) 13 Cal.App.4th 1414,1424-1425, the court explained:
 "Well-established and well-recognized case law holds that the mere fact that the same body of officers acts as the legislative body of two different governmental entities does not mean that the two different governmental entities are, in actuality, one and the same." [Citations.]
 "When a `dual capacity legislative body' acts as the governing board of a redevelopment agency, it is the redevelopment agency which is acting by and through that legislative body; and when that same legislative body acts as the governing body of the `community' (i.e., city) over which it exercises local governmental powers, it is the `community' which is acting by and through that legislative body. The redevelopment agency and the `community' are not one and the same governmental entity. The redevelopment agency, by state law, exists `in each community' with certain limited powers and functions (Health Saf. Code §§ 33020, 33100, 33120, ) — it is not the same entity as the community within which it exists."
Consequently, sections 33114.5 and34274, providing remuneration for attendance by redevelopment agency members and housing authority commissioners at the meetings of those agencies respectively, would apply to those officers who are also members of a city council, whether or not the meetings are conducted jointly.
However, here we are given that no business within the jurisdiction of the city's redevelopment agency or housing authority is conducted at the meeting. Hence, it is urged that the redevelopment agency and housing authority are not in effect holding meetings and thus no compensation should be paid to the redevelopment agency members or housing authority commissioners under the restrictive terms of sections33114.5 and 34274.
Whether any business within the jurisdiction of a public agency is being conducted at a meeting would be a question of fact to be resolved in each situation. We must assume for our purposes that no topic of discussion at a city council meeting could impact the city's redevelopment agency or the city's housing authority (see Gov. Code, § 54952.2) and that members of the public would not be allowed to address their comments to the redevelopment agency members or housing authority commissioners at a joint meeting of the three entities (see Gov. Code § 54954.3). Upon the occurrence of such circumstances, we believe that providing compensation for the redevelopment agency members and housing authority commissioners would be unauthorized under the specific terms of sections33114.5 and 34274. (See Cal. Const., art. XI, § 10, subd. (a); Albright v. City of South San Francisco (1975) 44 Cal.3d 866, 869-870; Pacific Inter-Club Yacht Association v. Richards (1961) 192 Cal.App.2d 616, 619; 77 Ops.Cal.Atty.Gen. 204, 206 (1994); 69 Ops.Cal.Atty.Gen. 168, 180 (1986); 63 Ops.Cal.Atty.Gen. 633, 638 (1980).) Depending upon the particular facts involved, the return of the unauthorized compensation may be required. (See Stanson v. Mott (1976) 17 Cal.3d 206, 226-227; 83 Ops.Cal.Atty.Gen. 124, 130-131 (2000).)[2]
In answer to the question presented, therefore, we conclude that where a city council of a city with less than 200,000 in population has declared itself to be the city's redevelopment agency and the city's housing authority and conducts a unified meeting as a city council, redevelopment agency, and housing authority, the council members may not receive the remuneration provided by law for members of a redevelopment agency or for commissioners of a housing authority if no business within the jurisdiction of the redevelopment agency or housing authority is conducted during the unified meeting.
[1] Unidentified section references herein are to the Health and Safety Code.
[2] While we recognize that city council members who are performing additional duties as redevelopment agency members and housing authority commissioners may be expending more of their time and efforts on behalf of the city than if they did not accept such responsibilities, the issue here is whether the particular statutory requirements for being additionally compensated have been met.